UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VANESSA R.,

        Plaintiff,

-v-

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

---

19-CV-06499-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 22)

Plaintiff Vanessa R.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 15) is granted, defendant's motion (Dkt. No. 20) is denied and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

On April 8, 2013, Plaintiff protectively filed applications for DIB, SSI and disabled adult child ("DAC") benefits, pursuant to Titles II and XVI of the Act, 42 U.S.C., Chapter 7, respectively, alleging disability as of March 27, 2012. (Administrative Transcript ["Tr."] 112-14, 236-37, 240-46). The claims were denied initially on August 5, 2013. (Tr. 117-144). Plaintiff filed a written request for a hearing on August 12, 2013. (Tr. 151-165). On March 10, 2015, Administrative Law Judge ("ALJ") John Costello held a hearing, at which Plaintiff appeared and testified. (Tr. 44-77). The ALJ issued an unfavorable decision on July 9, 2015. (Tr. 24-43). The Appeals Council denied review, (Tr. 1-5), and Plaintiff appealed to this Court.

On October 31, 2017, the case was remanded by this Court pursuant to a stipulation between the parties. (Tr. 1606-08). Thereafter, the Appeals Council ("AC") issued an order with various instructions to the ALJ upon remand. (Tr. 1609-15). On January 22, 2019, the ALJ held a second hearing at which Plaintiff appeared and testified. (Tr. 1536-69).

On March 5, 2019, the ALJ issued two new decisions in which he found Plaintiff not disabled from her alleged onset of disability in March 2012 through the date of the decision. (Tr. 974-1017). One decision adjudicated Plaintiff's claim for DAC benefits,

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

while the other decision adjudicated Plaintiff's claims for DIB and SSI.[3] (Tr. 974-1017). Plaintiff did not file exceptions, and the 2019 ALJ decision stands as the final decision of the Commissioner. This action followed.

The Court notes that Plaintiff is requesting two separate periods of disability: a closed period from March 27, 2012 through December 31, 2015; and the period from July 21, 2017 (the date of a work-related injury) forward. (Tr. 1032). During the interim, as the ALJ noted in his decision, Plaintiff worked at substantial gainful activity ("SGA"). (Tr. 980, 997).

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*,

---

[3] For the sake of clarity, and because the findings of fact and conclusions of law are the same in each decision, the Court will cite only the pages of the decision adjudicating Plaintiff's DIB and SSI claims.

312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets

the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot

adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

The ALJ initially determined that Plaintiff met the insured status requirements of the Act through June 30, 2019. (Tr. 996). At step one, the ALJ found that Plaintiff engaged in SGA during the period December 22, 2015 through March 31, 2017, but that there was a continuous 12-month period during which Plaintiff did not engage in SGA. (Tr. 997). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: asthma; right shoulder impairment; left knee impairment; right-sided carpal tunnel syndrome; sleep apnea; obesity, depressive disorder; and anxiety disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appx. 1. (Tr. 997-1000).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.920(a), except that she could tolerate occasional exposure to respiratory irritants such as dust, odors, fumes, and extremes in temperature and humidity; perform simple and routine tasks and low stress work, defined as work involving only occasional decision-making; and frequent

overhead reaching with the dominant upper right extremity and frequent handling and fingering with the right hand. (Tr. 1000).

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 1006). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform, including Table Worker and Garment Sorter. (Tr. 1006-1007). Accordingly, the ALJ found that Plaintiff was not disabled from the alleged onset date of March 27, 2012, through the date of the decision. (Tr. 1007).

## IV. *Plaintiff's Challenges*

Plaintiff argues, *inter alia*, that the ALJ erred because the medical opinion evidence he relied on was stale and therefore does not constitute substantial evidence in support of his RFC determination. The Court agrees.[4]

"[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Carney v. Berryhill*, 2017 WL 2021529, *6 (W.D.N.Y. 2017) (citing *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted)). A medical opinion is stale where it does not account for the claimant's deteriorating condition. *See, e.g., Pagano v. Comm'r of Soc. Sec.*, 2017 WL 4276653, *5 (W.D.N.Y. Sept. 27, 2017) ("A stale medical opinion, like one that is rendered before a surgery, is not substantial evidence to support an ALJ's finding."); *Girolamo v. Colvin*, 2014 WL 2207993, *7-8 (W.D.N.Y. May 28, 2014) (finding that the ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second

---

[4] The Commissioner did not respond, at least directly, to this argument.

surgery); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, *2 (E.D.N.Y. Aug. 22, 2012) (finding that the ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition"). Additionally, "[t]he timeliness of evidence is . . . a factor that courts have cited in finding a lack of substantial evidence in the record to affirm a decision on benefits by the Commissioner." *Jones v. Colvin*, 2015 WL 4628972, *4 (W.D.N.Y. Aug. 3, 2015) (citing *Acevedo v. Astrue*, 2012 WL 4377323, *16 (S.D.N.Y. Sept. 4, 2012) (citing, *inter alia*, *Griffith v. Astrue*, 2009 WL 909630, *9 n.9 (W.D.N.Y. Mar. 31, 2009) ("The State Agency Officials' reports, which are conclusory, stale, and based on an incomplete medical record, are not substantial evidence.") (citation omitted); *Suarez v. Comm'r of Social Sec.*, 2010 WL 3322536, *8 (E.D.N.Y. Aug. 20, 2010) ("[B]ecause Dr. Weiss's opinion is both outdated and inconsistent with Dr. Misra's more recent findings, the propositions which the ALJ relied on Dr. Weiss's opinion for when determining Plaintiff's RFC should not have been afforded substantial weight without further explanation.").

Here, there are only three functional examining opinions in the record. The two consulting opinions rendered in July 2013 and the treating physician's opinion rendered in February 2015. These opinions were rendered 4 or 5 years before the second ALJ hearing. The AC presumably recognized that these opinions might be stale when on remand, it directed the ALJ to "[o]btain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence," which evidence should "include, if warranted and available, a consultative

examination and medical source opinions about what the claimant can still do despite the impairments." (Tr. 1613).

Plaintiff claims two separate periods of disability. Yet, the ALJ did not obtain any medical opinion evidence relating to Plaintiff's functional limitations for the second time period. The second period began with a work-related back injury in 2017, which was a new injury not at issue in the first claimed period of disability. During that period, Plaintiff treated consistently for back pain. The injury ultimately resulted in a worker's compensation claim. The second period also included a motor vehicle accident in August 2018 and a second carpal tunnel surgery in January 2019.

In sum, the ALJ's RFC determination is not supported by substantial evidence, especially for the second relevant time frame, because Plaintiff's condition substantially deteriorated and the opinion evidence in the record was simply too old to rely upon. The ALJ's failure to obtain updated medical opinion evidence under the circumstances present here was error and requires remand.[5]

---

[5] Plaintiff also argues that the ALJ erred by not properly evaluating the treating physician's opinion. The Commissioner is directed to also consider this issue on remand.

## CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 20) is denied, and this case is remanded for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     January 29, 2021
              Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge